[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-10278
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-61634-CV-CMA

CARRIE FEDOLFI,

Plaintiff-Appellant,

versus

BANYAN AIR SERVICES, INC.,

Defendant-Appellee.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(December 7, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Carrie Fedolfi, a former employee of Defendant-

Appellee Banyan Air Services, Inc. ("Banyan"), appeals the district court's grant

of summary judgment to Banyan on Plaintiff's complaint alleging that her

termination was (i) based on unlawful sex discrimination, in violation of Title VII, 42 U.S.C. § 2000e, et seq; (ii) in retaliation for exercising her rights to take leave under the Family and Medical Leave Act ("FMLA"), in violation of 29 U.S.C. § 2601, et seq; and (iii) in response to her complaints of unlawful conduct by Banyan, in violation of the Florida Whistleblower's Act, Fla.Stat. § 112.3187.[1] No reversible error has been shown; we affirm.

We review the grant of summary judgment de novo. Federick v. Sprint/United Mgt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). We "must draw all reasonable inferences in favor of the nonmoving party," and we "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S.Ct. 2097, 2110 (2000) (addressing standard for granting Fed.R.Civ.P. 50 judgment as a matter of law which is the same standard applied under Fed.R.Civ.P. 56 ). Summary judgment is due to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

[1] The district court order also denied Plaintiff's cross motion for summary judgment on her FMLA and Florida Whistleblower's Act claims. Plaintiff's complaint included also equal pay and hostile work environment claims. Plaintiff makes no challenge to the district court's grant of summary judgment on these claims; appeal of these issues is deemed abandoned. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (issues not argued on appeal are deemed waived; passing reference in an appellate brief is insufficient to raise an issue).

Fed.R.Civ.P. 56(c). A party moving for summary judgment has the burden of showing no genuine issue of fact is in dispute, see Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990); and the party opposing summary judgment must show more than a "mere scintilla of evidence" to survive and support a jury question. Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999).

The facts are set out in some detail in the district court's exhaustive opinion. Stated very briefly, Banyan provides aviation services and is regulated by the Federal Aviation Administration ("FAA"). After her most recent promotion in the Spring of 2004, Plaintiff served as Avionics Operations Manager, a position whose chief responsibility was to oversee the accuracy of the Avionics Department's work orders. Plainitff had no budgetary responsibilities and no contracting responsibilities. In her position as Avionics Operations Manager, Plaintiff reviewed for accuracy the work of two male employees who did have budgetary and contracting responsibilities. According to Plaintiff, each of these men objected to a woman reviewing his work and showed his resentment by treating her differently than he would a male colleague. Plaintiff complained to her superiors about her perceived ill treatment and sex discrimination. Plaintiff's layoff by Banyan, she contends, was a termination in retaliation for complaining about sex discrimination. Plaintiff also took sick leave which she asserts was

3

leave protected under the FMLA; her layoff, she asserts, was in retaliation for exercising her FMLA rights. And Plaintiff claims that she refused to cooperate with -- and complained about -- a fellow employee's evasion of an FAA required drug test; her termination, she contends, was in retaliation for her complaints and violated the Florida Whistleblower's Act.

The district court concluded that Plaintiff failed to establish a prima facie case on each of the counts charged. Although concluding that no prima facie case had been established under Title VII, the Florida Civil Rights Act, FMLA or the Florida Whistleblower's Act, the district court concluded also that -- assuming establishment of a prima facie case -- Plaintiff failed to proffer sufficient evidence that Banyan's contended justification for terminating Plaintiff was pretextual.

Plaintiff argues she proffered sufficient evidence of mendacity to raise a jury issue on whether Banyan's stated grounds for terminating Plaintiff -- Banyan's elimination of the position due to financial difficulties -- was pretextual. Citing Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097 (2000), Plaintiff contends that her prima facie case, combined with evidence from which a jury could conclude that Banyan's asserted justification was false, was sufficient to defeat summary judgment and to permit a jury to decide that Banyan acted unlawfully. Plaintiff points to record evidence that Banyan (i) misrepresented to

4

the EEOC that certain employees had been laid off when they actually were terminated; (ii) failed to correct these errors once they were found; (iii) inadequately investigated charges that an employee evaded required drug testing; (iv) delayed in reporting to the FAA non-compliance with required drug testing; and (v) singled Plaintiff out for layoff when other layoffs had involved multiple employees and failed to offer Plaintiff another position.

Our review of the summary judgment record as a whole, see Reeves, 120 S.Ct. 2110, confirms the view of the district court: Plaintiff's purported evidence of mendacity fails to create a triable issue of pretext.[2] In the light of the overwhelming and uncontroverted evidence of Banyan's financial difficulties and downsizing,[3] Plaintiff proffered -- at most -- a mere scintilla of evidence in her effort to challenge Banyan's legitimate non-discriminatory and non-retaliatory financial reasons for terminating Plaintiff's employment. See Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2512 (1986) ("The mere existence of a scintilla of

---

[2]Consideration of the pretext issue is only required if a plaintiff has established first a prima facie case. We will assume, *arguendo,* that Plaintiff established a prima facie case of retaliation under Title VII, the FMLA, and the Florida Whistleblower's Act. We proceed in this manner because the district court addressed the pretext issue, and Plaintiff claims that Reeves error "permeated the district court's ruling on all counts." As we explain, we see no Reeves error; in reaching the pretext issue, we imply no error in the district court's conclusion that Plaintiff failed to establish a prima facie case on the asserted counts.

[3]The record discloses that the Avionics Department had net income of $556,003 for the fiscal year ending July 2003; that figure plunged to $72,158 for the fiscal year ending July 2004.

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").  Banyan's summary judgment motion was due to be granted.

AFFIRMED.